**Law Offices of**
# Walter C. Cook
**Attorneys & Mediators**

2995 Woodside Rd., Ste 400
Woodside, California 94062
TELEPHONE (415) 902-8440
WALTCOOK@GMAIL.COM

July 19, 2016

Roberto J. Kampfner,
WHITE & CASE
555 South Flower Street, Suite 2700
Los Angeles, CA 90071

By Fax, Email and Mail
(213) 452-2329
rkampfner@whitecase.com

Re: **Forreststream v. Shenkman**
DCND #: 16-1609
***Request for a Response by 2 PM Today***

Dear Mr. Kampfner:

This letter will follow our email correspondence of yesterday. Thank you so much for your timely response together with the relevant documentation, and notice of the prove up hearing set for July 21, 2016, at 9:30 a.m., at 450 Golden Gate Ave., San Francisco, CA, 15th Floor, Courtroom C.

As you are aware, I am brand new to the file, on behalf of Defendant Shenkman, and did not know until yesterday, after you sent me an email with the relevant documents, and notice of the hearing on the Motion for a Default Judgement.

I quickly went over the docket and the associated documents and discovered that while you have what appears to be a valid substituted service on Mr. Shenkman for the original complaint, I do not see a valid proof of service for the Summons on the First Amended Complaint, nor for the First Amended Complaint. Instead, you have appeared to rely upon service by mail of these two documents rather than a personal service or substituted service.

A personal service of this First Amended Complaint was required. The First Amended Complaint contained material revisions from the original complaint in that, *inter alia*, you changed the allegations in prior paragraph 4 from " . . . The plaintiff requests declaratory relief that the defendant has breached the Loan Restructuring Agreement and a judgment against Mr. Shenkman in the amount of

all principal and interest due thereunder." to new paragraph 5 which states " . . . Plaintiff also hereby requests a judgment against Mr. Shenkman in the amount of all principal and interest due under the Loan Restructuring Agreement *and an equitable lien in the EIS Stock.*" (Emphasis Supplied).

Another material change is found at prior paragraph 37 and new paragraph 39. Prior paragraph 37 provides that "As a result of the foregoing, Plaintiff is entitled to judgment for all principal and interest due on the Remaining Loan in the amounts described in the Loan Restructuring Agreement." to new paragraph 39 which states "As a result of the foregoing, Plaintiff is entitled to judgment for all principal and interest on the Remaining Loan in the amounts described in the Loan Restructuring Agreement, *including accrued and unpaid interest described therein.*" (Emphasis Supplied).

In addition, the copy of the original Complaint that you provided to me came without any exhibits while the First Amended Complaint had attached to it Exhibits A-E (totalling 39 pages including exhibit separator pages).

Given the above, it appears that there were sufficient material changes between the original Complaint and the First Amended Complaint to have required you to re-serve Mr. Shenkman personally (or by substituted service) with a Summons on the First Amended Complaint plus the First Amended Complaint.

In addition, I have gone over the emails between you and Mr. Solomon between May 9, 2016, and July 9, 2016, in which you were discussing various settlement proposals and mechanisms for settlement. I do see anywhere in those emails any mention on your part that your firm was seeking, or had submitted, a request for the entry of a default. Furthermore, I do not see anywhere any demand for a responsive pleading, or any courtesy copies of the default papers. In short, it appears as if this default was taken with what is unfavourably referred to as "quiet speed." This bothers me, and I also believe that it will bother the Hon. Laurel Beeler.

I would prefer to avoid the filing of a motion to vacate the entry of the default against Mr. Shenkman, and would prefer to file an appearance, and to complete the settlement negotiations that you were engaged in with Mr. Solomon.

Because I believe that you are like minded, I am taking the liberty of attaching to this letter a stipulation to set aside the default and requiring Mr. Shenkman to answer (not just respond) to the complaint within 10 calendar days of the entry of the stipulation.

I thank you in advance for your prompt acceptance of this proposal. I would like to get a copy of the signed stipulation to The Hon. Laurel Beeler by this afternoon.

If I do not receive a favourable response by 2 PM today, I will have hand delivered a copy of this letter to the Hon. Laurel Beeler together with a cover letter that I will be making on behalf of Mr. Shenkman a motion to set aside/vacate the default, and allowing Mr. Shenkman 10 days to answer.

Thank you for your time and attention.

Very truly yours

Walter C. Cook
Encl. as stated

```
 1  Walter C. Cook, SBN 111330
    LAW OFFICES OF WALTER C. COOK
 2  2995 Woodside Rd., #400
 3  Woodside, CA 94062
    415-902-8440 Office
 4  650-780-0805 Fax
    WaltCook@Gmail.com
 5
 6  Attorney for Gregory Shenkman
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORRESTSTREAM HOLDINGS LIMITED, a Cyprus company,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY SHENKMAN (aka GRIGORY SHENKMAN), an individual,<br><br>Defendant | Case No.: 16-01609-LB<br><br>STIPULATION TO VACATE ENTRY OF DEFAULT, TO SET ASIDE DEFAULT, AND REQUIRING DEFENDANT SHENKMAN TO ANSWER THE COMPLAINT WITHIN 10 DAYS; AND ORDER THEREON |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

The parties to the above action, by and through their attorneys of record, hereby stipulate to the entry of an order vacating the Entry of Default entered against Defendant Gregory Shenkman on June 13, 2016, and to set it aside, and requiring Defendant Gregory Shenkman to file an answer to the First

//

*Forreststream v. Shenkman*                                                   Page 1
      Case No. 16-1609           Stip. And Order To Set Aside Default

Amended Complaint within 10 days of the order on this stipulation.

**SO ORDERED:**

Dated: _____

                The Hon. Laurel Beeler
                Magistrate Judge of the Federal Court
                Northern District of California

**SO STIPULATED:**

Dated: 7-19-16

                LAW OFFICES OF WALTER C. COOK

                By: _/s/ Walter C. Cook_____
                      Walter C. Cook
                      Attorney for Defendant Gregory Shenkman

Dated: _____

                CASE & WHITE, LLP

                By:_____
                      Roberto J. Kampfner
                      Attorney for Plaintiff
                      Forreststream Holdings Limited, a Cyprus Company

TRANSMISSION VERIFICATION REPORT

TIME : 07/19/2016 10:15
NAME : WALTER COOK
FAX : 6507800805
TEL : 4159028440
SER.# : U63090H2N206529

DATE,TIME         07/19 10:14
FAX NO./NAME      12134522329
DURATION          00:00:44
PAGE(S)           05
RESULT            OK
MODE              STANDARD
                  ECM

# Law Offices of
# Walter C. Cook
## Attorneys & Mediators

2995 Woodside Rd., Ste 400
Woodside, California 94062
TELEPHONE (415) 902-8440
WaltCook@Gmail.Com

July 19, 2016

Roberto J. Kampfner,
WHITE & CASE
555 South Flower Street, Suite 2700
Los Angeles, CA 90071

By Fax, Email and Mail
(213) 452-2329
rkampfner@whitecase.com

Re:   **Forreststream v. Shenkman**
      DCND #: 16-1609
      ***Request for a Response by 2 PM Today***

Dear Mr. Kampfner:

This letter will follow our email correspondence of yesterday. Thank you so much for your timely response together with the relevant documentation, and notice of the prove up hearing set for July 21, 2016, at 9:30 a.m., at 450 Golden Gate Ave., San Francisco, CA, 15th Floor, Courtroom C.

As you are aware, I am brand new to the file, on behalf of Defendant Shenkman, and did not know until yesterday, after you sent me an email with the relevant documents, and notice of the hearing on the Motion for a Default Judgement.

I quickly went over the docket and the associated documents and discovered that while you have what appears to be a valid substituted service on Mr. Shenkman