United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| FORRESTSTREAM HOLDINGS LIMITED, | Case No. 16-cv-01609-LB |
|---|---|
| Plaintiff, | ORDER DENYING WITHOUT PREJUDICE FORRESTSTREAM'S MOTION FOR ASSIGNMENT OF PAYMENTS AND ORDER RESTRAINING ASSIGNMENT OF PAYMENTS |
| v. | |
| GREGORY SHENKMAN, | |
| Defendant. | Re: ECF No. 128 |

**INTRODUCTION**

This is a breach-of-contract lawsuit arising from a borrower's breach of a multi-million-dollar loan agreement.[1] Forreststream, the lender, sued Gregory Shenkman, the borrower, for failing to repay the loan and for failing to pledge his interest in a company called EIS Group to secure the loan.[2] The court granted Forreststream summary judgment, found Mr. Shenkman personally liable for the loan, and entered judgment in the amount of $10,503,285.19 plus interest.[3] Mr. Shenkman

---

[1] *See generally* First Amended Complaint ("FAC") – ECF No. 13. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *See generally id.*

[3] Order Granting Summary-Judgment Motion – ECF No. 105 at 2–5.

ORDER – No. 16-cv-01609-LB

appealed and has not paid any part of the judgment.[4]

Forreststream asserts that Mr. Shenkman has an equity interest in, and an entitlement to payments from, several entities; it asks for an order assigning the payment rights to it and restraining Mr. Shenkman's assignment of his rights to payments.[5] The court can decide the motion without oral argument under Civil Local Rule 7-1(b). The court denies the motion without prejudice to allow further discovery about whether Mr. Shenkman has assignable rights to payments.

## STATEMENT

Forreststream's investigation reveals that Mr. Shenkman has "an equity interest in and may otherwise be entitled to payments from the following entities:" (1) Return on Intelligence, Ltd., a Bermuda chartered corporation ("ROI"); (2) MeForo USA, Inc., a California Corporation, and its affiliate MeForo Ltd. (collectively, "MeForo"); and (3) Exigen East, LLC, a Delaware limited liability company, and its affiliates Exigen Capital (GP), L.P., Exigen Capital (GPLLC), LLC, Exigen Capital, L.P., and Exigen Capital Management, LLC (collectively, "Exigen").[6]

Mr. Shenkman apparently invested in and is a shareholder in (and a former director of) ROI; ROI sued him in January 2016, alleging that he breached his fiduciary duty as a director by interfering in a business deal.[7] Exhibit A to that complaint is a letter agreement that Mr. Shenkman signed as "Manager" on behalf of each Exigen entity.[8] Mr. Shenkman is MeForo's CEO and signed its latest Statement of Information filed with the California Secretary of State on March 8, 2017.[9] The court previously ordered Mr. Shenkman to pay Forreststream's attorney's fees and costs for the default-judgment motion; he paid those fees from MeForo U.S.A., Inc.'s account at

---

[4] Notice of Appeal – ECF No. 127; Kampfner Decl. – ECF No. 129, ¶ 7.

[5] *See generally* Motion – ECF No. 128.

[6] *Id.* at 3.

[7] *Id.* at 3–4 (citing Complaint, ECF No. 1, *Return on Intelligence, Ltd. v. Shenkman*, No. 16-CV-317-WD (hereafter, "ROI Complaint")).

[8] ROI Complaint, Ex. A.

[9] Ex. A to Kampfner Decl. – ECF No. 129 at 4.

ORDER – No. 16-cv-01609-LB        2

1  JPMorgan Chase.[10] Forreststream asserts that Mr. Shenkman's status as MeForo's CEO and his
2  ability to pay personal obligations from MeForo's account show that he controls it and is its sole
3  owner.[11]

4  At least as of the date it filed its motion, Forreststream has not obtained financial information
5  from Mr. Shenkman.[12] The due date for Mr. Shenkman's responses to discovery was June 19,
6  2017, six days after the motion filing date.[13] He served his responses, saying that he would
7  produce relevant information after the parties agreed on a protective order.[14] The parties stipulated
8  to a protective order on July 6, 2017.[15] On July 5, 2017, in its reply brief, Forreststream
9  represented that to date, Mr. Shenkman had provided no documents and no interrogatory
10 responses ("beyond where he now claims to live").[16] Forreststream re-noticed the judgment-debtor
11 exam for August 14, 2017.[17]

## ANALYSIS

Citing California Code of Civil Procedure § 708.510, Forreststream asks for assignment of Mr. Shenkman's right to payments from the entities.[18] The parties do not dispute that the court retains jurisdiction to enforce its judgment or that Mr. Shenkman's appeal does not divest the court of that jurisdiction.[19] *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997); *Ketab Corp. v. Mesriani Law Grp.*, No. 14-CV-7241-RSWL, 2016 WL 5921932, at *1 (C.D. Cal. Feb. 1, 2016). At least on this record, an order assigning assets is premature until further discovery illuminates whether Mr. Shenkman has assignable rights to payments. The court denies the motion without prejudice.

---

[10] Kampfner Decl. – ECF No. 129, ¶ 9.
[11] Motion – ECF No. 128 at 5.
[12] Kampfner Decl. – ECF No. 129, ¶¶ 5–6.
[13] *Id.* ¶ 6.
[14] Cashman Decl., ECF No. 131-1, ¶ 3.
[15] Stipulation and Order – ECF Nos. 134–135.
[16] Reply – ECF No. 132 at 2.
[17] Clerk's Notice – ECF No. 137.
[18] Motion – ECF No. 128 at 5–6.
[19] *Id.* at 3; *see generally* Opposition – ECF No. 131.

The post-judgment enforcement proceedings here are governed by California law. Fed. R. Civ. P. 69(a); *Hilao v. Estate of Marcos*, 95 F.3d 848, 851 (9th Cir. 1996). Under California Code of Civil Procedure § 708.510, a court may assign the judgment debtor's right to payments from third parties to the judgment creditor to satisfy the judgment:

> Except as otherwise provided by law, upon application of the judgment creditor upon noticed motion, the court may order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments, including but not limited to the following types of payments:
>
> (1) Wages dues from the federal government that are not subject to withholding under an earnings withholding order.
>
> (2) Rents.
>
> (3) Commissions.
>
> (4) Royalties.
>
> (5) Payments due from a patent or copyright.
>
> (6) Insurance policy loan value.

"Assignment from a third-party obligor is appropriate where a judgment creditor can identify a person or entity which is obligated to make payment to the judgment debtor, and where that right to payment is assignable." *Icho v. Packetswitch.com, Inc.*, No. 12-CV-0858-LHK (PSG), 2012 WL 4343834, at * 1 (N.D. Cal. Sept. 21, 2012) (internal quotation marks and citation omitted). Section 708.510 does not require "detailed evidentiary support" for the request, but a judgment creditor must describe the sources of the right to payment with sufficient detail so that the defendants can file a claim of exemption or other opposition. *Id.* (internal quotation marks and citation omitted); *see UMG Recordings, Inc. v. BCD Music Grp., Inc.*, No. 07-CV-5808-SJO, 2009 WL 2213678, at *3 (C.D. Cal. July 9, 2009).

Mr. Shenkman is an investor and shareholder in ROI and signed as "manager" on behalf of the Exigen entities. He is CEO of MeForo and can pay money from its account; this control over funds — Forreststream contends — likely shows that he is sole owner and an investor.[20] In his opposition, Mr. Shenkman does not dispute his roles in these entities.[21] Still, the record about his

---

[20] Motion – ECF No. 128 at 6.

[21] *See generally* Opposition – ECF No. 131.

ORDER – No. 16-cv-01609-LB 4

1 roles makes it difficult to conclude — without more information — that Mr. Shenkman has
2 assignable rights to payments from the entities. *See Garden City Boxing Club, Inc. v. Briano*,
3 No. 06-CV-1270-AWI, 2007 WL 4463264, at *1 (E.D. Cal. Dec. 17, 2007) (citing Cal. Civ. Proc.
4 Code § 708.510 and denying request for "general assignment of all possible funds due"); *see also*
5 *Legal Additions LLC v. Kowalski*, No. 08-CV-2754-EMC, 2011 WL 3156724, at *2 (N.D. Cal.
6 July 26, 2011). If he is an investor in the entities, he may be entitled to payments, such as
7 dividends, distributions, loan repayments, interest payments, fees, equity repurchases, or other
8 payments.[22] But Forreststream is unable to identify particular types of payments,[23] presumably
9 because (it asserts) Mr. Shenkman has not cooperated to date in discovery regarding his assets.[24]

Mr. Shenkman responds that he is not hiding the ball; he asserts that discovery was delayed until the parties finalized their protective order and because his counsel was traveling on a pre-arranged trip on the date of the first noticed debtor exam.[25] He also argues that Forreststream has not identified any assignable rights to payments and instead only speculates that assignable interests in payments may exist.[26] That is insufficient — Mr. Shenkman contends — to allow the court to determine whether assignment will violate any statutory limits on judgment enforcement (such as Cal. Civ. Proc. Code § 704.070, which exempts 75% of paid earnings from the enforcement of money judgments, and 15 U.S.C. § 1673, which similarly limits garnishment of disposable earnings).[27]

The problem with the second argument — that Forreststream is speculating about assignable interests in payments — is that Mr. Shenkman apparently has not responded to discovery and is the cause of the information vacuum. Forreststream identified the entities. Mr. Shenkman does not dispute his roles, and presumably he has enough information to raise claims of exemption.

---

[22] Motion – ECF No. 128 at 6.

[23] *Id.* at 3.

[24] Kampfner Decl. – ECF No. 129, ¶¶ 5–6.

[25] Opposition – ECF No. 131 at 3–4; Cashman Decl. – ECF No. 131-1, ¶¶ 2–4.

[26] Opposition – ECF No. 131 at 5.

[27] *Id.*

ORDER – No. 16-cv-01609-LB          5

*See Icho*, 2012 WL 4343834, at *1. The court does not read *Garden City* to require the level of specificity that Mr. Shenkman asserts, especially when Mr. Shenkman does not dispute his role in the entities and apparently is an investor in and CEO of MeForo. It seems likely that he has rights to assignable payments and can specify any exemptions or otherwise oppose the motion. By contrast, *Garden City* involved a bar's unlicensed broadcast of a boxing fight, and the district court understandably refused to issue an order seeking a blanket assignment of payments from unspecified third parties to satisfy the judgment. 2007 WL 4463264 at *1–2.

That said, at least for now — as a case-management device — the court will postpone issuing an assignment order until Mr. Shenkman responds to the discovery requests and sits for his debtor exam. This decision is provisional. The court thinks a better record can be made by asking Mr. Shenkman about his interests in and rights to payments from the entities. If Mr. Shenkman stymies the process, then his response is part of the record, and the court likely can draw inferences from it.

Forreststream also asks for an order restraining Mr. Shenkman from transferring or disposing of the right to payments subject to assignment.[28] *See* Cal. Civ. Proc. Code § 708.520(a). It also is concerned about the possibility of a rival judgment being entered against Mr. Shenkman.[29] Because the court defers consideration of the appropriateness of an assignment order, it also defers consideration of the order restraining assignment of assets.

## CONCLUSION

The court denies Forreststream's motion without prejudice to allow a record to be made about assignable payments through discovery and at the judgment debtor exam. The court sets a case-management conference for July 27, 2017, at 11 a.m., to discuss discovery and the judgment debtor exam. If the parties can navigate discovery without the court's intervention, the parties may vacate the July 27 case-management conference by stipulation.

---

[28] Motion – ECF No. 128 at 7–8.

[29] Reply – ECF No. 132 at 3 & Ex. A (tentative decision in San Francisco Superior Court in bench trial of Mr. Shenkman for sexual harassment and battery of an employee).

If Forreststream renews its motion, the court suggests this process. Forreststream must notice a new hearing on the ordinary schedule, cross-reference its earlier motion, and supplement its motion with up to ten pages and any supporting declarations. Mr. Shenkman must oppose the motion within two weeks with up to ten additional pages and any supporting declarations. Forreststream will have one week to reply.

**IT IS SO ORDERED.**

Dated: July 16, 2017

LAUREL BEELER
United States Magistrate Judge