UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| FORRESTSTREAM HOLDINGS LIMITED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GREGORY SHENKMAN,<br><br>　　　　Defendant. | Case No. 16-cv-01609-LB<br><br>ORDER AUTHORIZING SALE OF DWELLINGS AND LIMITING CLAIM OF EXEMPTION TO 65A APPIAN WAY, SOUTH SAN FRANCISCO, CA 94080<br><br>Re: ECF Nos. 141, 142, 143, and 151 |

**INTRODUCTION**

The court previously granted summary judgment to Forreststream in its breach-of-contract lawsuit against Gregory Shenkman for failing to repay a loan and pledge his interest in a company called EIS to secure the loan.[1] The court found Mr. Shenkman personally liable and entered judgment in the amount of $10,503,285.19 plus interest.[2] After Forreststream exercised its remedies with regard to the equity interests pledged in the Stipulated Order for Injunctive Relief, judgment was reduced on July 11, 2017 to $6,304,866.77, which accrues daily interest of $194.74.[3] Forreststream applied for court orders to sell three dwellings to satisfy the judgment and

---

[1] Order Granting Summary-Judgment Motion – ECF No. 105 at 2–5. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.*; Judgment – ECF No. 109.

[3] Stipulated Order for Injunctive Relief – ECF No. 41; Judgment – ECF No. 109 at 2; Joint Case-

ORDER – No. 16-cv-01609-LB

asked the court to determine the applicability of any homestead exemption.[4] The court issued orders to show cause, required a written response, and held a hearing on September 21, 2017.[5]

Mr. Shenkman does not dispute the validity of the applications, initially asserted that the homestead exemption applies to two dwellings (the Tiburon house where he lives and the South San Francisco house where his wife lives), and challenges Forreststream's valuation of the Tiburon dwelling.[6] The exemption issue thus is Forreststream's contention that a $100,000 homestead exemption applies only to the South San Francisco dwelling, and Mr. Shenkman's contention that two $75,000 homestead exemptions apply, one to the South San Francisco dwelling and one to the Tiburon dwelling. *See* Cal. Civ. Proc. Code § 704.730 (amount of the homestead exemption).

The court determines that the homestead exemption is $100,000 and — with the parties' agreement in court on September 21, 2017, applies it to the Tiburon house. At the hearing, the parties agreed to confer on a process to sell the property at its fair market value. The parties' update is due on September 28, 2017. Forreststream also will respond that day to Ms. Shenkman's September 20, 2017 filing, and Ms. Shenkman will respond by October 2, 2017.

Forreststream also moved to set aside Mr. Shenkman's claim of a homestead exemption for one of the three properties on the ground that Mr. Shenkman filed it improperly.[7] The court denies the motion as moot.

**STATEMENT**

**1. Applications to Sell Three Properties**

Forreststream applied for court orders to sell three properties owned by Mr. Shenkman and his wife Yelena Shenkman: (1) 28 Meadow Hill Drive, Belvedere-Tiburon, CA 94920; (2) 65A Appian Way, South San Francisco, CA 94080; and (3) 1551 Southgate Avenue, Apartment 165,

---

Management Statement – ECF No. 154 at 2.

[4] Verified Applications – ECF Nos. 141, 142, 143.

[5] Orders to Show Cause – ECF Nos. 146, 147, 148.

[6] Response to Orders to Show Cause – ECF No. 164.

[7] Motion – ECF No. 151.

ORDER – No. 16-cv-01609-LB    2

1  Daly City, CA 94105.[8] (Forreststream filed the applications in state court[9] but then filed here and
2  dismissed the state-court applications.[10]) This chart summarizes information in the applications.

| 28 Meadow Hill Drive, Belvedere-Tiburon, CA 94920 Parcel No. 058-341-15 | 65A Appian Way, South San Francisco, CA 94080 Parcel No. 100-930-390 | 1551 Southgate Ave., Apt. 165, Daly City, CA 94105 Parcel No. 101-930-650 |
| --- | --- | --- |
| The Shenkmans as community property.[11] | The Shenkmans as trustees of the Shenkman Family Trust, a grantor revocable trust.[12] | The Shenkmans as trustees of the Shenkman Family Trust, a grantor revocable trust.[13] |
| Appraised Value: $5,500,000.00[14] | Appraised Value: $800,000.00[15] | Appraised Value: $415,000.00[16] |
| No recorded homestead.[17] | No recorded homestead. County tax records show a "Homeowner Exemption" of $7,000.[18] | No recorded homestead.[19] |
| Senior Liens: $4,712,500.00 (Sabadell United Bank) $100,848.83 (Nixon Peabody LLP) Junior Liens: $576,984.62 (U.S. Government)[20] | No liens.[21] | No liens.[22] |

After the court entered judgment for Forreststream, the clerk issued a writ of execution.[23]

---

[8] Ex. E – ECF Nos. 141-1 at 15–17, 142-1 at 15–18, 143-1 at 15–18.

[9] Verified Applications – ECF Nos. 141, 142, 143 at 4.

[10] Notice of Dismissal of State Court Actions – ECF No. 144.

[11] Ex. E – ECF No. 141-1 at 16–17.

[12] Ex. E – ECF No. 142-1 at 16–18.

[13] Ex. E – ECF No. 143-1 at 16–18.

[14] Ex. I – ECF No. 141-1 at 37; Hill Decl. – ECF No. 141-2.

[15] Ex. H – ECF No. 142-1 at 33; Hill Decl. – ECF No. 142-2.

[16] Ex. I – ECF No. 143-1 at 35; Hill Decl. – ECF No. 143-2.

[17] Ex. G – ECF No. 141-1 at 29.

[18] Ex. G – ECF No. 142-1 at 30. The court can take judicial notice of the County's online public records. *See Lee v. City of L.A.*, 250 F.3d 668, 689–90 (9th Cir. 2001); *White v. Social Sec. Admin.*, 111 F. Supp. 3d 1041, 1047–48 (N.D. Cal. 2015); *Gustavson v. Mars, Inc.*, No. 13-CV-04537-LHK, 2014 WL 2604774, at *3 n.1 (N.D. Cal. June 10, 2014).

[19] Ex. G – ECF No. 143-1 at 29.

[20] Verified Application – ECF No. 141 at 4; Ex. F – ECF No. 141-1 at 24–26. In its reply, Forreststream asserts that the remaining mortgage balance is $4,484,164.46. *See* ECF No. 163 at 8. The Nixon Peabody lien has been satisfied. *See* Suppl. Brief, Ex. A – ECF No. 165 at 15–17.

[21] Verified Application – ECF No. 142 at 7; Ex. F – ECF No. 142-1 at 26–27.

[22] Verified Application – ECF No. 143 at 7; Ex. F – ECF No. 143-1 at 26.

Pursuant to the writ of execution, Forreststream instructed the U.S. Marshal to levy on Mr. Shenkman's interest in the properties.[24] The U.S. Marshal recorded the notice of levy and the writ of execution with the appropriate County Recorder and served notice on Mr. and Mrs. Shenkman by U.S. Mail,[25] served Mr. Shenkman personally at the Tiburon property, and posted the documents at the Daly City and South San Francisco properties.[26] On July 19, 2017, the U.S. Marshal notified Forreststream via email that it completed the levy.[27]

On August 17, 2017, the court ordered Mr. Shenkman to appear and show cause why the properties should not be sold.[28] On August 21, 2017, Forreststream served Mr. and Mrs. Shenkman with the orders, applications, and homeowner notices by express delivery.[29] Forreststream also posted these documents at the Tiburon and Daly City properties and personally delivered them to an unknown occupant described as "Russian, Male, 34–40 Yrs. Old, 6'4", Blonde Short Hair" at the South San Francisco property.[30]

**2. Additional Facts About Where the Shenkmans Live and the Homestead Exemption**

Mr. Shenkman submitted a declaration dated September 13, 2017, in response to the orders to show cause and said the following. He is married and separated from his wife Yelena Shenkman, who filed for divorce on June 13, 2017, and declared in her petition that the date of separation was January 11, 2010.[31] He has lived at the Tiburon dwelling (28 Meadow Hill Drive) continuously for the last nine years.[32] His wife and son stay in the other properties (the wife in South San Francisco

---

[23] Writ of Execution – ECF No. 124.
[24] *Id.*
[25] *See* Ex. D – ECF Nos. 141-1, 142-1, 143-1 at 9–14 (Proofs of Service).
[26] *Id.*
[27] Verified Applications – ECF Nos. 141, 142, 143 at 2–3.
[28] Orders to Show Cause – ECF Nos. 146–48.
[29] Notice of Service – ECF No. 156 at 1–5.
[30] *Id.* at 6–11.
[31] Shenkman Decl. – ECF No. 164-2 at 1 (¶ 3) & Ex. A.
[32] *Id.* (¶ 4).

and the son in Daly City), and he stayed at either place if he was working late at MeForo's former offices in Brisbane or if he had an early flight out of SFO.[33] He has no idea what the $7,000 "Homeowner Exemption" is on the tax bill, and he did not record it.[34]

At the judgment debtor exam on September 5, 2017, Mr. Shenkman said that he and his wife separated in 2009.[35] He purchased the Tiburon property in 1997 and began living there in 2008 or 2009 but travels a lot.[36] The South San Francisco address is listed on his driver's license "because it was renewed, they never changed the address," but he receives most of his mail in Tiburon.[37] He never spends the night or spends time in South San Francisco.[38] He testified first that his wife lived at the Daly City property and his son stays at the South San Francisco property when he comes home from college,[39] but he testified later that his wife lives at both properties.[40]

The South San Francisco address is listed on tax returns, bank statements, and vehicle registrations.[41] A 2016 vehicle-registration card for a leased BMW convertible lists the Tiburon address.[42] Forreststream ran document searches but did not find other documents with that address.[43]

### 3. Mr. Shenkman's Valuation of the Tiburon Property

The parcel right next to him at 30 Meadow Hill Drive is smaller and sold for $10,000,000 on May 18, 2017.[44] His view — based in part on input from real-estate broker Robert O'Connor (who

---

[33] *Id.* at 2 (¶ 8).
[34] *Id.* at 3 (¶ 10).
[35] Mackintosh Decl., Ex. A – ECF No. 163-1 at 13–14.
[36] *Id.* at 8.
[37] *Id.* at 10.
[38] *Id.*
[39] *Id.* at 10–11.
[40] *Id.* at 14.
[41] Mackintosh Decl. – ECF No. 163-1 at 2–3 (¶ 5).
[42] *Id.*
[43] *Id.*
[44] O'Connor Decl. – ECF No. 164-1 at 2 (¶ 6).

1  estimates the property value conservatively as $9,000,000 to $9,800,000) — is that the property is
2  worth at least $9,800,000.[45]

### 4. The September 21 Hearing

At the hearing, the parties stipulated on the record that there is only one exemption, it is $100,000, and that applies to the Tiburon property. They agreed to confer on a process to sell the property at fair market value and to update the court in seven days.

Ms. Shenkman appeared with counsel and registered her objection to the sale but also stipulated to the amount of the exemption and the property.[46]

## ANALYSIS

The parties do not dispute that the court has jurisdiction to enforce its judgment by issuing the orders of sale and that Mr. Shenkman's appeal does not divest the court of jurisdiction. 28 U.S.C. § 1332(a)(2); *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997); *Duchek v. Jacobi*, 646 F.2d 415, 416–17 (9th Cir. 1981); *Ketab Corp. v. Mesriani Law Grp.*, No. 14-CV-7241-RSWL, 2016 WL 5921932, at *1 (C.D. Cal. Feb. 1, 2016).

California law governs the enforcement of writs of execution. Fed. R. Civ. P. 69(a); *Hilao v. Estate of Marcos*, 95 F.3d 848, 851 (9th Cir. 1996). Forreststream complied with the requirements of California law. *See* Cal. Civ. Code § 695.020 (community property subject to enforcement of the judgment); Cal. Fam. Code § 910(a) (property of judgment debtor and spouse is subject to the enforcement of judgment); Cal. Civ. Proc. Code § 704.710(a) (defining dwelling); *id.* §§ 700.010(b) and 700.015(b) (service); *id.* § 704.750 (procedures); *id.* § 704.760 (information to include in application for sale, such as whether the dwelling is a homestead and is subject to any liens and encumbrances); *id.* §§ 704.780(b) and 704.800(a) (valuation and sufficient realizable value). The court issued the appropriate orders to show cause and set a hearing, and Mr.

---

[45] Shenkman Decl. – ECF No. 164-2 at 3 (¶¶ 10–13).
[46] *See* ECF Nos. 169–171.

ORDER – No. 16-cv-01609-LB          6

Shenkman had proper notice. *Id.* § 704.770(a)–(b).

Mr. Shenkman does not dispute that the applications generally satisfy California requirements.[47] Instead, he claims a homestead exemption for the Tiburon property of $75,000 and a separate homestead exemption of $75,000 for the South San Francisco property for his wife (because they are separated and he is in the process of divorcing).[48] (He conceded at the hearing that there was only one exemption, but because that was in the face of the court's saying that it would make that ruling, the court sets forth its analysis anyway.) Mr. Shenkman also challenges the valuation of the Tiburon property, saying that it worth more like $10 million rather than Forreststream's $5.5 million.[49]

**1. Homestead Exemption**

If a judgment debtor occupies a dwelling, the judgment creditor must obtain a court order for the sale of the dwelling so that the court can determine the amount of the homestead exemption and the fair market value of the property. Cal. Civ. Proc. Code § 704.780(b). The property cannot be sold unless the bid amount at the sale exceeds the value of all liens and encumbrances on the property plus the amount of the homestead exemption. *Id.* § 704.800(a).

The first issue is whether Mr. Shenkman and his wife each are entitled to an exemption. The answer is no.

The statutory scheme defines only one homestead exemption and makes no allowances for spouses who live apart. *See In re Rauer's Collection Co.*, 196 P.2d 803, 812 (Cal. Ct. App. 1948); *accord In re Donner*, 27 B.R. 624, 627 (9th Cir. 1983) ("[A] husband and wife cannot have two homesteads."). "[W]here spouses reside in separate homesteads, only one of the homesteads is exempt." *In re Pass*, 553 B.R. 749, 761 (9th Cir. 2016); *see* Cal Civ. Proc. Code § 704.720(c) ("If the judgment debtor and spouse of the judgment debtor reside in separate homesteads, only the

---

[47] Response to Order to Show Cause – ECF No. 164.
[48] *Id.* at 4.
[49] *Id.* at 5.

homestead of one of the spouses is exempt and only the proceeds of the exempt homestead are exempt."); *see also* 2 Alan M. Ahart, Cal. Prac. Guide: Enforcing Judgments and Debts § 6:1028 (The Rutter Group 2017).

A person is considered a spouse until such time as a court enters "a judgment decreeing legal separation of the parties . . . ." Cal. Civ. Proc. Code § 704.710(d).

> Where the judgment debtor is not currently residing in the residence, but his or her *separated or former spouse* continues to reside in or exercise control over possession of the homestead, the judgment debtor is entitled to an exemption until (i) entry of judgment or other legally enforceable agreement dividing the parties' community property or (ii) a later time as specified by court order.

2 Alan M. Ahart, Cal. Prac. Guide: Enforcing Judgments and Debts § 6:1029 (The Rutter Group 2017).

The next issue is the amount of the exemption. The minimum exemption is $75,0000. Cal. Civ. Proc. Code § 704.730(a)(1). It is increased to $100,000 if the judgment debtor or the debtor's spouse is a member of a "family unit," and at least one member of the family unit owns no interest in the homestead or has only a community-property interest with the judgment debtor. *Id.* § 704.730(a)(2). The exemption rises to $175,000 for elderly, disabled, or low-income debtors. *Id.* § 704.730(a)(3).

At the hearing, the parties agreed that the court could find that the amount of the exemption is $100,000.

The third issue is which dwelling is subject to the homestead exemption, and who has the burden.

"If the records of the county tax assessor indicate that there is a current homeowner's exemption or disabled veteran's exemption for the dwelling claimed by the judgment debtor or the judgment debtor's spouse, the judgment creditor has the burden of proof that the dwelling is not a homestead." *See id.* § 704.780(a)(1). "If the records of the county tax assessor indicate that there is not a current homeowner's exemption or disabled veteran's exemption for the dwelling claimed by the judgment debtor or the judgment debtor's spouse, the burden of proof that the dwelling is a homestead is on the person who claims that the dwelling is a homestead." *Id.*

The tax records shift the burden to Mr. Shenkman. $7,000 is the tax exemption in California for a homeowner's principal residence. Cal. Const. art 13, § 3(k).

Mr. Shenkman and his wife live apart. Thus, "[t]he spouses may select which of the homesteads is exempt; if the spouses are unable to agree, the court determines which homestead is exempt." Cal. Civ. Proc. Code § 704.720(c) cmt. (1982); *see also* 2 Alan M. Ahart, Cal. Prac. Guide: Enforcing Judgments and Debts § 6:1028 (The Rutter Group 2017) (if spouses reside separately, only one homestead exemption exists, and they may select which homestead is exempt).

At the hearing, the parties agreed that the exemption applied to the Tiburon property.

**2. Motion For Order Determining Claim of Exemption**

On July 14, 2017, the U.S. Marshals Service served the notice of levy and writ of execution for the Tiburon property.[50] On August 9, 2017, Mr. Shenkman filed a claim of exemption for the Tiburon property.[51] Forreststream moved to set aside Mr. Shenkman's claim for these reasons: (1) it could be raised only in response to the order to show cause; (2) it told Mr. Shenkman this through counsel; (3) Mr. Shenkman's refusal to proceed appropriately meant that Forreststream had to file the motion or the U.S. Marshal would release the property (to the extent that it was claimed to be exempt); (4) Mr. Shenkman stood on his remedy nonetheless and should be held to it; and (5) the claim was untimely under the remedy that Mr. Shenkman elected.[52] As a sanction, it wants the court to hold that Mr. Shenkman is not entitled to the exemption for the Tiburon property.[53] Mr. Shenkman did not dispute in his opposition that he should raise the homestead exemption in response to the orders to show cause.[54]

The court determined the applicability of the homestead exemption in the previous section

---

[50] Ex. D – ECF No. 141-1 at 11 (Proof of Service).

[51] Claim of Exemption – ECF 151 at 15.

[52] Motion – ECF No. 151 at 3–9.

[53] *Id.* at 9; Reply – ECF No. 163 at 5.

[54] *See* Opposition – ECF No. 160.

under the procedures in the California Code of Civil Procedure, procedures that Forreststream advances as the only procedures to determine a homestead exemption. The court thus denies the motion as moot and denies the motion for sanctions. As Mr. Shenkman's counsel points out, there were technical glitches in the email meet-and-confer process.[55]

## CONCLUSION

The court finds that the Tiburon dwelling is subject to a homestead exemption of $100,000. It deferred its assessment of the fair market value for two weeks. Only Forreststream has put in reliable evidence of the property's value. The court will allow Mr. Shenkman to submit his own valuation but if he does not, the court likely will value the property at the appraised value.

The parties agreed to confer on a plan to sell the property at its fair market value and to submit the plan to the court by September 28, 2017. The parties also must respond to Ms. Shenkman's filing by that date, and Ms. Shenkman may respond by October 2, 2017. The court set a further hearing for October 5, 2017, at 9:30 a.m.

The court denies Forreststream's motion for an order determining the homestead exemption as moot.

This disposes of ECF Nos. 141, 142, 143, and 151.

**IT IS SO ORDERED.**

Dated: September 21, 2017

LAUREL BEELER
United States Magistrate Judge

---

[55] *Id.* at 2–5.