UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| FORRESTSTREAM HOLDINGS LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY SHENKMAN, et al.,<br><br>Defendants. | Case No. 16-cv-01609-LB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: ECF No. 328 |

## INTRODUCTION

On March 24, 2017, the court granted summary judgment in this breach-of-contract lawsuit in favor of plaintiff Forreststream Holdings Ltd. and against defendant Gregory Shenkman. *Forreststream Holdings Ltd. v. Shenkman*, No. 16-cv-01609-LB, 2017 WL 1112963 (N.D. Cal. Mar. 24, 2017), *appeal dismissed*, No. 17-16186, 2017 WL 9517541 (9th Cir. Dec. 5, 2017).[1] The court found Mr. Shenkman personally liable to Forreststream and entered judgment in the amount of $10,503,285.19 plus interest.[2] Forreststream exercised some remedies to partially satisfy its judgment, but over $5.3 million remains outstanding. In the more than twenty months since judgment was entered, Mr. Shenkman has not made any payments toward the judgment.

---

[1] Order – ECF No. 105 at 2–5. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Judgment – ECF No. 109.

ORDER – No. 16-cv-01609-LB

1    Since at least May 2018, Forreststream has attempted to take discovery of Mr. Shenkman
2    regarding his assets. Mr. Shenkman has refused to provide meaningful responses to
3    Forreststream's discovery requests. On June 14, 2018, the court ordered Mr. Shenkman to respond
4    to Forreststream's discovery requests.[3] Mr. Shenkman failed to provide meaningful responses, in
5    violation of the court's order.

As discussed further below, on September 25, 2018, a Forreststream affiliate, Eliperio Holdings Ltd., purchased one of Mr. Shenkman's properties located at 28 Meadow Hill Drive, Tiburon, California 94920 ("28 Meadow Hill") at a foreclosure sale. After it purchased 28 Meadow Hill — and filed an unlawful-detainer action against Mr. Shenkman, who refused to vacate the property — Eliperio came into physical (but not legal) possession of various hard-copy documents, Mr. Shenkman's laptop, and a rack of computer servers in an air-conditioned, fingerprint-access-controlled room. All may have information relevant to Forreststream's discovery requests regarding Mr. Shenkman's assets. Forreststream contends that if Mr. Shenkman regains possession of these documents, laptop, or servers, or remotely accesses his laptop or servers, he will not produce information from those documents or devices responsive to Forreststream's discovery requests — as evidenced by the fact that he did not produce any documents or information during the time he had possession of 28 Meadow Hill and those documents and devices.

Forreststream filed a motion for a temporary restraining order and preliminary injunction, asking the court enjoin Mr. Shenkman from removing any document or data-storage device from 28 Meadow Hill or accessing, modifying, or deleting (including remotely) any data stored on any device located at 28 Meadow Hill, to maintain the status quo while the parties and the court work on a protocol for Forreststream's taking discovery of those documents and devices.[4] After the court granted the temporary restraining order[5] and set the matter for a preliminary-injunction

---

[3] Order – ECF No. 299.

[4] Forreststream Mot. – ECF No. 328.

[5] Temporary Restraining Order – ECF No. 332.

hearing, Mr. Shenkman filed a response to Forreststream's motion that discussed proposals regarding the treatment and possible forensic imaging of his laptop.[6] He did not otherwise oppose Forreststream's preliminary-injunction motion.[7]

The court held a hearing on December 6, 2018. The court grants Forreststream's motion for a preliminary injunction, as set forth below.

## STATEMENT

### 1. The Judgment

In 2009, Mr. Shenkman approached Irsek Den — a friend of twenty years and a Forreststream principal — for a loan. *Forreststream*, 2017 WL 1112963, at *1. Mr. Shenkman borrowed between $10 and $14 million from two of Mr. Den's companies. *Id.* Mr. Shenkman defaulted, and the parties entered restructuring negotiations. *Id.* The two companies assigned their loans to Forreststream, and Mr. Shenkman (1) agreed to pay approximately $12 million to Forreststream within twenty-four months and (2) agreed to pledge stock that he held in a company called EIS Group Ltd. *Id.*

Mr. Shenkman did not pledge the stock — despite repeated efforts by Forreststream to get him to do so — and did not pay his debt. *Id.* at *2. Forreststream sued for breach of contract. *Id.*

Forreststream moved for summary judgment, and on March 29, 2017, the court granted Forreststream's motion, finding that there were no genuine disputes of material fact and that Forreststream was entitled to contract damages of $10,308,412.54, plus interest. *Id.* at *11. On April 6, 2017, the court entered judgment of $10,503,285.19 in favor of Forreststream and against Mr. Shenkman.[8]

Forreststream exercised its remedies with respect to EIS shares that Mr. Shenkman had pledged during the course of the litigation pursuant to the parties' Stipulated Order for Injunctive

---

[6] Shenkman Resp. – ECF No. 336.

[7] *See id.*

[8] Judgment – ECF No. 109.

Relief.[9] After accounting for the EIS shares, in July 2017, the outstanding judgment was reduced to $6,302,544.53, accruing daily interest of $177.16.[10]

The court ordered the sale of three residential properties owned by Mr. Shenkman: 28 Meadow Hill and two other properties.[11] The latter two were sold at auctions conducted by the U.S. Marshal.[12] Following those sales, the outstanding judgment was reduced to $5,323,675.79, plus interest of $149.65 per day accruing from March 29, 2018.[13]

Forreststream asserts, and Mr. Shenkman does not deny, that Mr. Shenkman has never made any voluntary payments toward the judgment at any time.[14]

### 2. Discovery Requests Regarding Mr. Shenkman's Assets

On April 13, 2018, Forreststream issued written document requests and interrogatories to Mr. Shenkman regarding his assets.[15] Mr. Shenkman responded with boilerplate objections that included no substantive responses.[16] Forreststream attempted to meet and confer with Mr. Shenkman and, when those attempts failed, raised Mr. Shenkman's failure to respond with the court.[17] On June 14, 2018, the court "(1) overrule[d] Mr. Shenkman's boilerplate privacy objections and order[ed] Mr. Shenkman to produce documents in accordance with Forreststream's document requests and answer Forreststream's interrogatories, and (2) order[ed] Mr. Shenkman to provide full ownership information for each entity in which he holds an interest (of any kind) and produce current balance sheets and three years of income statements and general ledgers for each

---

[9] Stipulated Order for Injunctive Relief – ECF No. 41.

[10] Mackintosh Aff. – ECF No. 211 at 2.

[11] Order for Sale of 28 Meadow Hill – ECF No. 248 (redacted), 249 (under seal); Order for Sale for 1551 Southgate No. 165 – ECF No. 194; Order for Sale of 65A Appian Way – ECF No. 193.

[12] Marshal Report of Sale – ECF No. 254.

[13] Mackintosh Third Aff. – ECF No. 314 at 2.

[14] Kampfner Decl. – ECF No. 329 at 2 (¶ 4).

[15] Forreststream Discovery Reqs. – ECF No. 292 at 7–33 (redacted), 296-4 at 8–34 (under seal).

[16] Shenkman Discovery Resps. – ECF No. 292 at 34–67.

[17] Forreststream Discovery Letter Br. – ECF No. 292 (redacted), 296-4 (under seal).

such entity" (the "June 14 Order").[18] The court ordered Mr. Shenkman to produce those documents and information by June 21, 2018.[19]

On June 22, 2018, Forreststream filed a letter brief asserting that Mr. Shenkman had failed to produce the documents and information and asking the court for leave to file a motion for sanctions.[20] On June 25, 2018, Mr. Shenkman filed a response.[21] He did not deny that he had failed to produce the documents and information the court had ordered him to produce and instead represented that he would produce his responses that day or shortly thereafter.[22] That same day, the court entered an order stating, "[o]n the basis of Mr. Shenkman's representation that he will provide his updated discovery responses to his counsel today and that his counsel will do his best to serve them on Forreststream by the end of the day, the court denies Forreststream's motion for leave to file a motion for sanctions. This denial is without prejudice to a future motion for leave to file a motion for sanctions should Mr. Shenkman fail to comply with his discovery obligations or with any other court order."[23]

Since that time — nearly five months ago — Forreststream asserts, and Mr. Shenkman acknowledges, that Mr. Shenkman has failed to comply with the court's June 14 Order and failed to produce the documents and information that the court ordered him to produce.[24] Forreststream

---

[18] Order – ECF No. 299 at 1–2.

[19] *Id.* at 2.

[20] Forreststream Letter Br. – ECF No. 304. Because more than 14 days had elapsed since judgment was entered, Forreststream was required to get approval of the court before filing a motion for sanctions. N.D. Cal. Civ. L.R. 7-8(d).

[21] Shenkman Letter – ECF No. 305.

[22] *Id.* at 2 ("Mr. Shenkman has promised to provide to me [his counsel] the latest updated iteration of his discovery responses today, and I will do my best to turn those around for service by the end of the day.").

[23] Order – ECF No. 306 (citations omitted).

[24] Forreststream Mot. – ECF No. 328 at 6; *accord* Shenkman Letter – ECF No. 318 (stating on November 9, 2018, that "Mr. Shenkman, through counsel, has been proactively engaging with Forreststream's counsel in an attempt to bring himself in compliance with the Court's prior discovery order" and "is optimistic that an accord can be reached with Forreststream regarding compliance with the order," thereby acknowledging that Mr. Shenkman was not in compliance with the court's order); *see also* Shenkman Resp. – ECF No. 336 (not denying that Mr. Shenkman has failed to comply with

asserts, and Mr. Shenkman does not deny, that Mr. Shenkman can easily obtain responsive documents such as his credit card and bank statements from a computer and produce them to Forreststream.[25] Forreststream further asserts that Mr. Shenkman controls other entities such as Meforo, Ltd., and can obtain responsive documents from Meforo and produce them to Forreststream.[26] Despite this, Mr. Shenkman has failed to do so.[27]

### 3. Possession of 28 Meadow Hill

On February 7, 2018, the court ordered the sale of 28 Meadow Hill pursuant to the judgment.[28] Mr. Shenkman refused to cooperate in the marketing of 28 Meadow Hill for sale. Among other things, he said that he would "shut the door" to potential bidders and not allow the property to be shown unless the property was listed for at least nine months before being auctioned.[29] Mr. Shenkman engaged in these actions despite his lender's threat to foreclose imminently on 28 Meadow Hill because Mr. Shenkman had stopped paying his $4.7 million mortgage.[30] If the property were sold at auction, Mr. Shenkman would have been able to pay some of his judgment to Forreststream (or potentially all of it, if the sale price exceeded the sum of his outstanding mortgage and his judgment to Forreststream). By contrast, if his lender foreclosed on the property, both he and Forreststream potentially would be left with nothing.[31] Because Mr. Shenkman

---

the court's June 14 order and failed to produce the documents and information that the court ordered him to produce).

[25] Forreststream Mot. – ECF No. 328 at 7.

[26] *Id.*

[27] *Id.* at 6.

[28] Order for Sale of 28 Meadow Hill – ECF No. 248 (redacted), 249 (under seal).

[29] Mackintosh Decl. – ECF No. 255-1 at 3 (¶ 10).

[30] *Id.* at 2 (¶ 4); Notice of Default on 28 Meadow Hill – ECF No. 255-1 at 32–36; *see* Order – ECF No. 265 at 3.

[31] *See* Order – ECF No. 265 at 3.

ORDER – No. 16-cv-01609-LB    6

refused to cooperate, the court had to appoint a receiver to assist in marketing and selling the property.[32]

Forreststream asserts, and Mr. Shenkman does not deny, that on the eve of the U.S. Marshal's auction, Mr. Shenkman had his counsel announce to assembled bidders that the court's sale order was illegal, that he would not vacate the property, and that any bidder would be able to remove him from the property only through an unlawful-detainer action.[33] No bidder was willing to pay a sufficient price for the property to permit its sale.[34]

The failure to sell 28 Meadow Hill at auction did not prevent Mr. Shenkman's lender from foreclosing on the property.[35] Mr. Shenkman sued his lender to enjoin foreclosure.[36] On September 25, 2018, the foreclosure sale on the property proceeded.[37] A Forreststream affiliate, Eliperio, purchased the property for the amount of Mr. Shenkman's mortgage debt.[38] (By doing so, Forreststream was able to maintain some value from its lien on the property, whereas if the lender had foreclosed on the property, and kept it for itself or sold it to a third party, Forreststream would have been left with nothing.)

On October 4, 2018, Eliperio served Mr. Shenkman with a notice to quit 28 Meadow Hill.[39] Mr. Shenkman refused to vacate the property.[40] On October 11, 2018, Eliperio filed an unlawful-detainer action in California Superior Court against Mr. Shenkman.[41] Eliperio moved for summary judgment. Mr. Shenkman opposed, in part by claiming in a declaration sworn under penalty of

---

[32] *Id.* at 4–10.

[33] Forreststream Mot. – ECF No. 328 at 5.

[34] *See* Marshal Report of Attempted Auction – ECF No. 289.

[35] Forreststream Mot. – ECF No. 328 at 7.

[36] Compl., *Shenkman v. Iberiabank Corp.*, No. 1802920 (Cal. Super. Ct. Marin Cty. filed Aug. 16, 2018). The lender removed the case to federal court, where it now is pending as *Shenkman v. Iberiabank Corp.*, No. 4:18-cv-05715-PJH (N.D. Cal.).

[37] Forreststream Mot. – ECF No. 328 at 7–8.

[38] *Id.* at 8.

[39] *Id.*

[40] *Id.*

[41] *Id.*

perjury that he had signed a three-year lease in November 2016 with Meforo, Ltd., and that Meforo was entitled to rent portions of 28 Meadow Hill and store its personal property on the premises.[42] (This contradicts a declaration sworn under penalty of perjury that Mr. Shenkman made in this case on September 13, 2017, in which he attested that "Meadow Hill is not rented or leased to any person or entity. The person with the sole right of occupancy of Meadow Hill is me. Meadow Hill was not rented or leased to any other person or entity during The Relevant Period," defined as "at least the last 9 years, and immediately before, during, and after the dates when the abstracts on that Judgment were issued and recorded in this case."[43])

On November 7, 2018, the California Superior Court granted Eliperio summary judgment, holding that Eliperio was entitled to possession of 28 Meadow Hill.[44] Following additional procedural challenges by Mr. Shenkman's purported tenants, which the Superior Court rejected,[45] on November 21, 2018, the Marin County Sheriff evicted Mr. Shenkman from the property.[46]

### 4. Documents and Data-Storage Devices at 28 Meadow Hill

After Eliperio took possession of 28 Meadow Hill, Forreststream discovered documents and data-storage devices located on the premises that suggested that Mr. Shenkman had had access to financial information about his companies, information that is subject to Forreststream's discovery requests.[47] Forreststream found an unopened envelope from Chase Bank addressed to GS&Co., LLC, one of Mr. Shenkman's companies, sitting on his desk.[48] Forreststream argues that this undermines Mr. Shenkman's arguments that he does not have access to financial information

---

[42] Shenkman Decl. – ECF No. 329 at 7 (¶ 5).

[43] Shenkman Decl. – ECF No. 164-2 at 1–2 (¶¶ 4, 7).

[44] Judgment, *Eliperio Holdings Ltd. v. Shenkman*, No. 1803660 (Cal. Super. Ct. Marin Cty. Nov. 7, 2018) – ECF No. 329 at 8–10.

[45] Order Invalidating Claim of Possession, *Eliperio Holdings Ltd. v. Shenkman*, No. 1803660 (Cal. Super. Ct. Marin Cty. Nov. 20, 2018) – ECF No. 329 at 14–17.

[46] Forreststream Mot. – ECF No. 328 at 9.

[47] *Id.* at 9–10.

[48] *Id.* at 10.

1  about his companies.[49] Forreststream also found a USB drive and personal laptop on the desk in
2  Mr. Shenkman's study and a rack of computer servers in an air-conditioned, fingerprint-access-
3  controlled room.[50] Forreststream believes that the servers contain information related to Meforo,
4  including financial information, that is subject to its unanswered discovery requests to Mr.
5  Shenkman.[51]

### 5. Forreststream's Motions

On November 27, 2018, Forreststream filed a joint motion for (1) a temporary restraining order and preliminary injunction and (2) sanctions for Mr. Shenkman's violation of the court's June 14 Order.[52]

With respect to its motion for a temporary restraining order and preliminary injunction, Forreststream states that while Eliperio is in physical possession of the documents and data-storage devices at 28 Meadow Hill, Mr. Shenkman retains the legal right to request their return under California Civil Code § 1965 and Eliperio may be forced to turn them over to him.[53] If Eliperio is forced to do so, Forreststream contends that Mr. Shenkman may conceal or destroy those records to prevent Forreststream from reviewing them.[54] (Perhaps proving Forreststream's point, on November 30, 2018, Mr. Shenkman sent Forreststream a demand pursuant to California Civil Code § 1965 for the return of all documents and electronics at 28 Meadow Hill.[55])

Forreststream thus asks the court to enjoin Mr. Shenkman from removing any document or data-

---

[49] *Id.*

[50] *Id.*

[51] *Id.*; *accord* Shenkman Decl. – ECF No. 329 at 7 (¶ 5) (purportedly attesting that Meforo stores its property at 28 Meadow Hill).

[52] The court previously granted Forreststream leave to file a motion for sanctions. *See* Minute Entry – ECF No. 323.

[53] Forreststream Mot. – ECF No. 328 at 13.

[54] *Id.* at 15.

[55] Shenkman Cal. Civ. Code § 1965 Demand – ECF No. 337-1 at 3–6.

ORDER – No. 16-cv-01609-LB           9

storage device from 28 Meadow Hill or accessing, modifying, or deleting (including remotely) any data stored on any device located at 28 Meadow Hill, to maintain the status quo.[56]

With respect to its motion for sanctions, Forreststream states that the most appropriate and measured sanction is to allow it to take discovery of the documents and data-storage devices at 28 Meadow Hill, pursuant to an appropriate protocol agreed to by the parties or ordered by the court.[57]

On November 29, 2018, following a hearing, the court entered a temporary restraining order enjoining Mr. Shenkman from removing any document or data-storage device from 28 Meadow Hill or accessing, modifying, or deleting (including remotely) any data stored on any device located at 28 Meadow Hill, and set a hearing for December 6, 2018, on for Forreststream's motion for preliminary injunction.[58]

On December 3, 2018, Mr. Shenkman filed a response to Forreststream's motion.[59] Mr. Shenkman's response did not address at all the preliminary-injunction issues raised in Forreststream's motion.[60] Instead, Mr. Shenkman's response addressed solely the treatment and possible forensic imaging of his laptop,[61] which relates to Forreststream's motion for sanctions, not its motion for a preliminary injunction.

The court held a hearing on Forreststream's preliminary-injunction and sanctions motions on December 6, 2018.

## ANALYSIS

"A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief,

---

[56] Forreststream Mot. – ECF No. 328 at 10–11.
[57] Forreststream Mot. – ECF No. 328 at 3, 10, 16–17.
[58] Temporary Restraining Order – ECF No. 332.
[59] Shenkman Resp. – ECF No. 336.
[60] *See id.*
[61] *See id.*

ORDER – No. 16-cv-01609-LB  10

1  [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public
2  interest." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).
3  Additionally, where the plaintiff has satisfied the second, third, and fourth factors, the first factor
4  is also satisfied if the plaintiff has raised "at least serious questions on the merits." *All. for the*
5  *Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Here, all four factors weigh in favor
6  of Forreststream.

**1. Success on the Merits**

In the context of post-judgment proceedings, courts have held that a judgment creditor seeking an injunction against a judgment debtor to prevent it from transferring or dissipating its assets shows a likelihood of success on the merits if those assets are subject to the court's judgment. *Big Oak Golf Design, Inc. v. De Ubago*, No. C 08-80107-SBA, 2009 WL 839087, at *3 (N.D. Cal. Mar. 30, 2009) (on post-judgment motion for temporary restraining order to prevent transfer of corporate assets, "[judgment creditor] has demonstrated a likelihood of success on the merits" where it "has proffered some evidence to support its claim that [the] corporate are subject to the judgment against [judgment debtor]"); *Comm'ns Imp. Exp. S.A. v. Republic of the Congo*, No. EDCV16-00656 GHK (SPx), 2016 WL 9281947, at *3 (C.D. Cal. Apr. 21, 2016) (on motion for post-judgment motion for temporary restraining order to prevent transfer of aircraft, "in order to demonstrate a likelihood of success on the merits here, Plaintiff must show that it will prevail in showing that the aircraft is an asset owned by Defendant on which the Judgment can be enforced in this District"). By extension, in the context of Forreststream's seeking an injunction against Mr. Shenkman to prevent him from moving, altering, or disposing of records that may be the subject of its discovery requests and the Court's June 14 Order, it shows a likelihood of success on the merits if those records are likely to be subject to its discovery requests and the court's June 14 Order. *Cf. Experience Hendrix, LLC v. Hendrixlicensing.com Ltd.*, No. 2:17-CV-07235 VAP (MRW), 2018 WL 1942058, at *2 (C.D. Cal. Feb. 8, 2018) (on post-judgment motion for preliminary injunction, held that judgment creditors can show success on the merits if "they are

likely to prevail in obtaining an order appointing a receiver and preliminary injunction to aid the receiver").

Forreststream has shown that the records at issue are likely subject to its discovery requests and the court's June 14 Order, or, at the very least, has raised serious questions on this issue. The documents at 28 Meadow Hill include apparent bank statements regarding Mr. Shenkman's companies, which are responsive to Forreststream's discovery requests and the court's June 14 Order. Mr. Shenkman's computers and servers likely contain other responsive documents (and Mr. Shenkman has not denied that they do or claimed that they do not). The court finds that Forreststream has satisfied the first preliminary-injunction factor.

**2. Irreparable Harm**

In the context of post-judgment proceedings, courts have recognized that "the inability to enforce a judgment that has already been obtained through litigation on the merits, which is a matter of fundamental fairness," can constitute irreparable harm. *Big Oak Golf*, 2009 WL 839087, at *3. Mr. Shenkman has not made any voluntary payments since the court entered judgment over twenty months ago, and there is no indication that he will ever do so. He has not voluntarily responded to Forreststream's discovery requests in the nearly eight months since Forreststream issued them, and there is no indication that he will ever do so. He has filed declarations sworn under penalty of perjury before different courts that appear to be directly contradictory, depending on what position might benefit his litigating position at any given time.[62] Without discovery into Mr. Shenkman's assets, Forreststream effectively would be left without a remedy.

Additionally, Mr. Shenkman has filed a demand pursuant to California Civil Code § 1965 for the return of all documents and electronics at 28 Meadow Hill. In the absence of an injunction, Eliperio may be forced to return them to Mr. Shenkman, who may thereafter refuse to produce responsive information from them to Forreststream (or may conceal or destroy responsive

---

[62] *Compare* Shenkman Decl. – ECF No. 329 at 7 (¶ 5) *with* Shenkman Decl. – ECF No. 164-2 at 1–2 (¶ 7).

1  records.) Mr. Shenkman's history of failing to produce responsive information during the many
2  months that the documents and electronics at 28 Meadow Hill were in his possession suggests that
3  he may continue to refuse to produce responsive information if he is able to regain possession of
4  those documents and electronics.

5  The court finds that Forreststream has satisfied the second preliminary-injunction factor.

### 3. Balance of Equities

As a judgment creditor, Forreststream is entitled to discovery regarding Mr. Shenkman's assets. "Generally, the scope of post-judgment discovery is broad." *Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, No. C 06-3219 JW (RS), 2009 WL 5114077, at *1 (N.D. Cal. Dec. 18, 2009). "'[T]he judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor.'" *Id.* (some internal quotation marks omitted) (quoting *1st Tech., LLC v. Rational Enters. LTDA*, No. 2:06-cv-0110-RLH-GWF, 2007 WL 5596692, at *4 (D. Nev. Nov. 13, 2007)). "'A judgment creditor is therefore ordinarily entitled to a very thorough examination of a judgment debtor with respect to its assets, including discovery of the identity and location of any of the judgment debtor's assets, wherever located.'" *Id.* (internal brackets omitted) (quoting *British Int'l Ins. Co. Ltd. v. Seguors La Republica*, No. 90Civ.2370 (JFK)(FM), 2000 WL 713057, at *5 (S.D.N.Y. June 2, 2000)). Additionally, as discussed above, Forreststream has established that it would suffer irreparable harm in the absence of such discovery.

By contrast, Mr. Shenkman has not shown that any equities favor him. This entire situation is one of Mr. Shenkman's own making. He has had months to respond to Forreststream's discovery requests and to comply with the court's June 14 Order. Had he done so, none of this would be an issue now. Instead, he failed to comply for nearly eight months, despite his apparent ability to do so, as evidenced by the documents that Forreststream discovered at 28 Meadow Hill that were available to Mr. Shenkman while he was there. Additionally, Mr. Shenkman's failure to comply with the court's June 14 Order may constitute contempt of court, and there are no equities that support contempt or defiance of a court order.

The balance of equities tips sharply in Forreststream's favor. The court finds that Forreststream has satisfied the third preliminary-injunction factor.

### 4. Public Interest

Forreststream seeks a preliminary injunction to maintain the status quo and preserve the documents and data-storage devices at 28 Meadow Hill for discovery. Compliance with discovery obligations and court orders serves the public interest. *Sabel v. City and Cty. of San Francisco*, No. 16-cv-04832-EMC, 2018 WL 1210548, at *2 (N.D. Cal. Mar. 8, 2018) ("[N]on-compliance with discovery orders undermines the public interest in resolution of litigation and the Court's ability to manage its docket."). By contrast, Mr. Shenkman has not identified any reasons why a preliminary injunction would not be in the public interest. The court finds that Forreststream has satisfied the fourth preliminary-injunction factor.

\* \* \*

As all of the preliminary-injunction factors favor Forreststream and none favors Mr. Shenkman, the court grants Forreststream's motion for a preliminary injunction.

## CONCLUSION

The court hereby enjoins Gregory Shenkman, Mr. Shenkman's agents, attorneys, and representatives, and all persons or entities acting in concert with Mr. Shenkman or on Mr. Shenkman's behalf, from engaging in any of the following conduct absent (1) express written permission by Forreststream Holdings Ltd. or (2) further order of this court:

1. Removing, or causing or permitting the removal of, any document or data storage device from 28 Meadow Hill Drive, Tiburon, California 94920 (the "Property").
2. Accessing, or causing or permitting access to, any data stored on any device (including any computer, computer server, memory stick, or other storage device) located on the Property.

3. Modifying, or causing or permitting modifications to, any data stored on any device (including any computer, computer server, memory stick, or other storage device) located on the Property.

4. Deleting, or causing or permitting the deletion of, any data stored on any device (including any computer, computer server, memory stick, or other storage device) located on the Property.

The court declines to require Forreststream to post a bond pursuant to Federal Rule of Civil Procedure 65(c). "[A] district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (citing *Barahoma-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999)). There is no realistic likelihood of harm here. Given that Mr. Shenkman owes Forreststream over $5.3 million, any purported harm that Mr. Shenkman might suffer from the preliminary injunction can be addressed through an offset against the judgment; no bond beyond that is necessary.

Nothing in this order relieves Mr. Shenkman of any obligation to preserve and produce information relevant to Forreststream's judgment-enforcement efforts against him, including, without limitation, the obligations imposed by the court's June 14 Order.

At the December 6, 2018, hearing, the court and the parties also discussed the process for taking discovery of the documents and data-storage devices. The parties are aware of the court's views on those issues, which the court will memorialize in a separate order.

**IT IS SO ORDERED.**

Dated: December 6, 2018

_____
LAUREL BEELER
United States Magistrate Judge