UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| FORRESTSTREAM HOLDINGS LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY SHENKMAN,<br><br>Defendant. | Case No. 16-cv-01609-LB<br><br>**ORDER GRANTING WALTER C. COOK'S MOTION TO WITHDRAW AS ATTORNEY FOR GREGORY SHENKMAN**<br><br>Re: ECF No. 364–366 |

**INTRODUCTION**

Walter C. Cook, counsel for the defendant Gregory Shenkman, moves to withdraw as Mr. Shenkman's attorney because — among other reasons — Mr. Shenkman has made it unreasonably difficult for him to carry out his role effectively and is not paying him.[1] Plaintiff Forreststream Holdings Ltd. does not oppose withdrawal, provided that withdrawal does not complicate Forreststream's being able to serve Mr. Shenkman with documents and filings. Mr. Cook served his motion to withdraw on Mr. Shenkman.[2]

The court held two hearings — on February 7, 2019, and on March 7, 2019 — at which Mr. Cook, Mr. Shenkman, and Forreststream were all present. As discussed at the hearings, the court

---

[1] Cook Decl. – ECF No. 365 at 2–3 (¶¶ 5–13). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Cook Mot. to Withdraw Proof of Service – ECF No. 365 at 27.

ORDER – No. 16-cv-01609-LB

grants the motion to withdraw for the reasons advanced by Mr. Cook and finds that he has taken adequate steps to avoid foreseeable harm caused by his withdrawal.

## ANALYSIS

### 1. Governing Law

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." The Local Rules further provide that if the client does not consent to the withdrawal and no substitution of counsel is filed, the motion to withdraw will be granted on the condition that all papers from the court and from the opposing party will be served on the current (and withdrawing) counsel to forward to the client until the client appears through new counsel or pro se (if the client is not a corporate defendant). N.D. Cal. Civ. L.R. 11-5(b).

Withdrawal is governed by the California Rules of Professional Conduct. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal); *j2 Global Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254 PJH, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009) (citing *Elan Transdermal Ltd. v. Cygnus Therapeutic Sys.*, 809 F. Supp. 1383, 1387 (N.D. Cal. 1992)). California Rule of Professional Conduct 3-700(C) sets forth several grounds under which an attorney may request permission to withdraw, including the following: (1) a client (a) insists on presenting a claim or defense not warranted under the law or a good-faith extension of it, (b) seeks to pursue an illegal course of conduct, (c) insists that the attorney pursue an illegal course of conduct or conduct barred by the ethics rules, (d) makes it unreasonably difficult for the attorney to carry out his employment effectively, (e) insists (in a matter not pending before a tribunal) that the attorney act contrary to the attorney's judgment or advice, or (f) breaches an agreement or obligation as to fees; (2) the attorney's continued employment is likely to breach the ethics rules; (3) the inability to work with co-counsel indicates that the best interests of the client likely will be served by withdrawal; (4) the member's mental or physical condition renders it difficult for the member to carry out the employment effectively;

(5) the client knowingly and freely assents to termination of the employment; or (6) the attorney believes in good faith (in proceeding pending before a tribunal) that the tribunal will find other good cause for the withdrawal.

Before counsel can withdraw, counsel must comply with California Rule of Professional Conduct 3-700(A)(2), which provides that counsel must not withdraw from employment until the member has taken steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with Rule 3-700(D) (regarding papers), and complying with applicable laws and rules. *El Hage v. U.S. Sec. Assocs., Inc.*, No. C06-7828 TEH, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007).

The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir.2009). Courts consider several factors when considering a motion for withdrawal, including (1) the reasons counsel seeks to withdraw, (2) the possible prejudice that withdrawal may cause to other litigants, (3) the harm that withdrawal might cause to the administration of justice, and (4) the extent to which withdrawal will delay resolution of the case. *Deal v. Countrywide Home Loans*, No. C 09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).

### 2. Application

The court grants the motion to withdraw because Mr. Shenkman (1) has made it unreasonably difficult for Mr. Cook to carry out his employment effectively — as reflected in Mr. Cook's declaration[3] and in the court's earlier order sanctioning Mr. Shenkman, *Forreststream Holdings Ltd. v. Shenkman*, No. 16-cv-01609-LB, 2018 WL 6522218 (N.D. Cal. Dec. 11, 2018)[4] — and (2) has breached his obligation to pay Mr. Cook, both of which are grounds for withdrawal under

---

[3] Cook Decl. – ECF No. 365.

[4] Order – ECF No. 345.

California Rule of Professional Conduct 3-700(C). Mr. Cook has taken available steps to avoid prejudice to Mr. Shenkman by giving him notice.[5]

## CONCLUSION

The court grants Mr. Cook's motion to withdraw as attorney for Mr. Shenkman.

Because Mr. Shenkman will now be proceeding pro se, at the March 7, 2019 hearing the court provided him with a copy of the district court's handbook *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants* and a flyer for the Legal Help Center, a free service of the Volunteer Legal Services Program. The court attaches another copy of the handbook and flyer here.

Mr. Shenkman is ordered to (1) file an appearance in this case that states his current address and (2) keep his address current and up-to-date with the court on an ongoing basis. The court will not excuse any failure by Mr. Shenkman to keep his address current and up-to-date and will deem Mr. Shenkman to have constructive knowledge of any documents or filings properly served upon him at the address he has on file with the court. (Until Mr. Shenkman enters an appearance, Mr. Cook must accept service of all papers from Forreststream and the court and must forward them to Mr. Shenkman.)

Nothing in this order relieves Mr. Shenkman of any obligation imposed on him by any prior court order.

Mr. Cook is ordered to serve a copy of this order on Mr. Shenkman.

**IT IS SO ORDERED.**

Dated: March 8, 2019

LAUREL BEELER
United States Magistrate Judge

---

[5] Cook Mot. to Withdraw Proof of Service – ECF No. 366 at 5; Cook Proof of Service – ECF No. 370. Additionally, Mr. Shenkman attended in person both the February 7, 2019 and the March 7, 2019 hearings where Mr. Cook's motion was discussed.